57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Edwin J. SANDERS, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3077.
 United States Court of Appeals, Federal Circuit.
 June 12, 1995.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edwin J. Sanders seeks review of the decision of the Merit Systems Protection Board, No. DC-0752940302-I-1, which became final on October 4, 1994. That decision affirmed his removal from the position of Civilian Personnel Officer in the Department of the Air Force. Because we conclude that the board did not err, we affirm.
 
 
 2
 We must affirm the decision of the board unless we conclude that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 After reviewing the record that was before the administrative judge, we are convinced that there was substantial evidence to support the decision sustaining Sanders' removal. While Sanders challenges a number of fact findings made by the administrative judge, he concedes that he possessed and used illegal drugs on agency property, during working hours, three or four times a week for at least one month. The evidence is more than adequate to sustain the charge against him.
 
 
 4
 That leaves only the challenge to the reasonableness of the penalty. But we are convinced that the administrative judge considered all of the relevant factors and concluded that removal was reasonable in light of the seriousness of Sanders' misconduct. As Civilian Personnel Officer, Sanders was charged with enforcing the agency's policy against use of illegal drugs among the civilian employees at the agency's RAF Upper Heyford facility. The administrative judge rightly concluded that the gravity of the offense, in concert with the aggravating circumstances--the flagrant nature of the misconduct and its relation to Sanders' duties--outweighed his 25 year service record, his attempts to seek drug counselling, and his remorse for his misconduct. That conclusion was well within the board's discretion. The decision stands.